IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CLAY MEANS, )
)
      Petitioner, )
)
v. ) CIVIL ACTION NO. 97-S-1684-S
)
ATTORNEY GENERAL FOR )
THE STATE OF ALABAMA )
)
      Respondents. )

FILED
98 JUL 29 AM 10: 35
N.D. OF ALABAMA

ENTERED
JUL 29 1998

## MEMORANDUM OPINION

On June 24, 1998 the magistrate judge's findings and recommendation was entered and the parties were allowed therein fifteen (15) days in which to file objections to the recommendations made by the magistrate judge.

On July 13, 1998 petitioner filed objections to the magistrate judge's findings and recommendation. In the findings and recommendation, the magistrate judge concluded that the petition was procedurally barred from federal review due to petitioner's failure to appeal the denial of his Rule 32 petition. In his objections, petitioner states that he filed a notice of appeal from the state court's May 29, 1997 denial of the Rule 32 petition. Petitioner also submitted as an exhibit a notice of appeal dated June 2, 1997 and labeled as Petitioner's Exhibit E. This exhibit, unlike petitioner's other exhibits, does not include a clerk's file stamp. This exhibit was not provided by either petitioner or respondents prior to the filing of the magistrate judge's findings and recommendation. This new exhibit also

15

contradicts petitioner's statement on page 7 of the original habeas petition filed on July 8, 1997 in which petitioner states that he did not appeal from any adverse ruling in a post-conviction proceeding. Finally, neither the Circuit Court of Jefferson County nor the Alabama Court of Criminal Appeals show any record of an appeal from the May 29, 1997 denial of the Rule 32 petition in CC 89-992. The objections are therefore due to be OVERRULED to the extent that the petitioner now alleges that he appealed from the May 29, 1997 denial of the Rule 32 petition.

With respect to petitioner's claim of actual innocence, petitioner asserts that "he was not the person who committed the crime charged" (in #CC 89-992) and that he "was incarcerated on the date of the alleged crime." Petitioner also submitted a sworn statement with his objection in which he states:

> The records of petitioner's incarceration on, before and thereafter, will clearly show that the petitioner herein was in the Pickens County Jail, Carrollton, Alabama, and not in the Birmingham Jefferson County district during the month of December 30th, 1986.
>
> Petitioner's Attorney Dwight Driskell, was presented with a sealed document from the Sheriff's Department of Pickens County varifying [sic] petitioner['s] whereabout[s] at the time the alleged crime [was] being committed on December 30th, 1986.
>
> Moreover, the exact same document was presented before the Court in case #CC89-992 in petitioner['s] behalf. However, petitioner's attorney Dwight Driskell still entered a plea of guilty, and the Court accepted the plea knowing that the petitioner did not, and could

2

not have committed the crime charged here in the instant case.

Petitioner, however, has failed to submit any <u>evidence</u> to support his bare allegation that he is actually innocent of the crime for which he was convicted in #CC 89-922. As the court in *Weeks v. Bowersox*, 119 F.3d 1342 (8th Cir. 1997), *cert. denied*, ___ U.S. ___, 118 S.Ct. 887, 139 L.Ed.2d 874, 66 U.S.L.W. 3491 (1998), so eloquently expressed:

> Allowing a creative prisoner to overcome his state procedural default with well drafted allegations of evidence would make a mockery of the Supreme Court's concern for finality, comity, and judicial economy that underlies the limited scope of the actual innocence exception.

119 F.3d at 1352.

Petitioner's objections are thus also due to be OVERRULED based on his allegation of actual innocence.

A separate Final Judgment consistent with this Memorandum Opinion will be entered simultaneously herewith.

DONE this the 28th day of July, 1998.

_____
UNITED STATES DISTRICT JUDGE

3